## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
## ALBANY DIVISION

| | |
|---|---|
| PETER DUDLEY,<br>**individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CONSOLIDATED WASTE SERVICES, LLC d/b/a TWIN BRIDGES WASTE AND RECYCLING, and SCOTT EARL,**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Civil Action No. ___1:23-CV-0592 (FJS/TWD)___

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

**CLASS ACTION PURSUANT TO FED CIV. P. 23**

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Peter Dudley ("Dudley" or "Plaintiff"), brings this action individually and on behalf of all other Drivers (collectively "Plaintiff and the Putative Collective/Class Members") who worked for Defendants—Consolidated Waste Services, LLC d/b/a Twin Bridges Waste and Recycling ("Twin Bridges"), and Scott Earl ("Earl") (together "Defendants")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover unpaid compensation, including overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 ("FLSA") and New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his New York state law claims are asserted as a class action under Federal Rule

of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1.      This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the state laws of New York and FED. R. CIV. P. 23 to recover unpaid straight time wages, and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Defendants, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, who were paid a day rate and have not been paid the proper amount of overtime in violation of state and federal law.

3.      Although Plaintiff and the Putative Collective/Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

4.      During the relevant time period, Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for the proper amount of overtime on a routine and regular basis.

5.      Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

6.      Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages and other damages owed under the New York state law as a class action pursuant to Federal Rule of Civil Procedure 23.

7.      Plaintiff prays that all similarly situated Putative Collective Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

8.      Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Dudley designated herein be named as the Class Representative for the New York Class.

## II.
## THE PARTIES

9.      Plaintiff Peter Dudley ("Dudley") was employed by Defendants in New York during the relevant time period. Plaintiff Dudley did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

10.      The FLSA Collective Members are those current and former non-exempt Waste Disposal Drivers who were employed by Defendants, anywhere in the United States, at any time from May 17, 2020 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Dudley worked and was paid.

11.      The New York Class Members are those current and former non-exempt Waste Disposal Drivers who were employed by Defendants, in New York, at any time from May 17, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Dudley worked and was paid.

12.      Defendant Consolidated Waste Services, LLC d/b/a Twin Bridges Waste and Recycling ("Twin Bridges") is a domestic limited liability company, licensed to and doing business in New York, and can be served through its registered agent: **Prestige Services, Inc., 4 Enterprise Avenue, Clifton Park, New York 12065.**

---

[1] The written consent of Peter Dudley is hereby attached as Exhibit "A."

13.     Defendant Scott Earl, is the principal owner and executive officer of Consolidated Waste and served as Plaintiff's employer pursuant to 29 U.S.C. § 203(d). Defendant Earl may be personally served with process at: **4 Enterprise Avenue, Clifton Park, NY 12065.**

14.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight, and control over Plaintiff Dudley. As a result, Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

16.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

17.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

18.     This Court has general and specific personal jurisdiction over Twin Bridges because its headquarters are located in New York and because Plaintiff's claims arose within this New York District as a direct result of Defendant's conduct within this District.

19.     This Court has general and specific personal jurisdiction over Defendant Earl because he is domiciled in New York and because Plaintiff's claims arose in the Northern District of New York as a result of his conduct within this District.

20.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of New York because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.    Additionally, Defendants' headquarters are located in Clifton Park, New York, and Plaintiff Dudley worked for Defendants in and around Hudson Falls, New York, all of which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

### *Defendants Jointly Employed Plaintiff*

22.    Defendants are joint employers as that term is defined in 29 U.S.C. § 203(d).

23.    Each Defendant, through its/his involvement in operating the aforementioned waste and recycling company, has acted directly, or indirectly, in the interest of the employer with respect to Plaintiff Dudley and the Putative Collective/Class Members.

24.    Upon information and belief, at all relevant times, Defendant Earl was the Organizer, Managing Member, and Executive Officer of Twin Bridges.

25.    At all relevant times, Defendant Earl exerted operational control over Twin Bridges.

26.    Specifically, Defendant Earl dictated (and continues to dictate) the practice goals and what pressing or tactical items needed to be done to meet the goals of Twin Bridges and its clients.

27.    Further, Defendant Earl managed (and continues to manage) key internal relationships to Twin Bridges—that is, he directed (and continues to direct) the financials of Twin Bridges and he controlled the pay of Plaintiff and the Putative Collective/Class Members.

28.    Defendant Earl supervised and controlled Plaintiff Dudley and the Putative Collective/Class Members' work schedules and conditions of their employment.

29.    At all relevant times, Defendants controlled the hiring and firing of employees; determined wages and how employees were paid; determined and implemented payroll practices, job classification, and how overtime premiums would be calculated; administered disciplinary procedures; and directly supervised, monitored, and controlled the business operations, including, controlling and supervising employees' work schedules, work conditions, and creating and maintaining employment

records.

30.    During the relevant period, Defendants individually and collectively have been Plaintiff's 'employer' under 29 U.S.C. § 203(d), which the Supreme Court has recognized as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 Cong. Rec. 7657).

31.    Therefore, Defendants are joint employers for purposes of the FLSA.

32.    As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of New York state law and the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### Plaintiff Dudley's Employment with Twin Bridges

33.    Twin Bridges is full-service waste and recycling company providing residential, commercial, and roll-off services to its customers throughout New York.[2]

34.    To provide their services, Defendants employed (and continue to employ) numerous Drivers—including Plaintiff and the Putative Collective/Class Members.

35.    Plaintiff Dudley worked exclusively for Defendants in New York from approximately September 2020 until December 2020 as a Driver.

### Plaintiff and the Putative Collective/Class Members are Similarly Situated

36.    Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, as set forth below, and the policies of Defendants resulting in the complained of FLSA violations.

---

[2] https://twinbridgeswasteandrecycling.com/about/

37.     Plaintiff and the Putative Collective/Class Members were employed by Defendants as non-exempt Drivers, who were paid a day rate and no overtime compensation for all hours worked over forty (40) per workweek in violation of federal law.

38.     Plaintiff and the Putative Collective/Class Members' job duties included driving container vehicles, picking up waste or recycling, and delivering waste or recycling to a local drop off location.

39.     While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the state of New York.

40.     Although Plaintiff and the Putative Collective/Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime at the required rate for all hours worked in excess of forty (40) hours per workweek.

41.     Defendants denied Plaintiff and the Putative Collective/Class Members overtime pay as a result of a widely applicable, illegal pay practice.

42.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

43.     Defendants were aware of their obligation to pay overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

44.     Defendants applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Collective/Class Members were entitled to overtime pay. *See Helix Energy Sols. Group, Inc. v. Hewitt*, 598 U.S. __, 143 S.Ct. 677 (2023).

45.     Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

46.     Defendants' failure to maintain accurate recordkeeping of Plaintiff and the Putative Collective/Class Members' hours worked and to compensate Plaintiff and the Putative Collective/Class Members for their overtime hours violated (and continue to violate) the FLSA.

47.     Defendants knew or should have known that they were not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

48.     Defendants knew or should have known that their failure to pay the correct amount of overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

49.     Defendants' actions therefore constitute willful violations under the FLSA and were not made in good faith.

50.     Because Defendants did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA.

51.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

52.     The preceding paragraphs are incorporated as though fully set forth herein.

53.     The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WORKED FOR CONSOLIDATED WASTE SERVICES, LLC, D/B/A TWIN BRIDGES**

**WASTE AND RECYCLING AND SCOTT EARL, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 17, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

54.    At all material times, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55.    At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56.    At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57.    Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

58.    During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

59.    In performing work for Defendants, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of

§§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

60.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Drivers who assisted Defendants' customers while driving and operating machinery manufactured and designed out of state. 29 U.S.C. § 203(j).

61.     At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

62.     The proposed class of similarly situated employees—that is, FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

63.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Stericycle.

## B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

64.     Defendants have violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

65.     Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

66.     Defendants knew or should have known their pay practices were in violation of the FLSA.

67.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

68.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

69.     The decisions and practices by Defendants to not pay Plaintiff and the FLSA Collective Members for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

70.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

73.     Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

74.     The FLSA Collective Members are defined in Paragraph 53.

75.     Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

76.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

77.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

78.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

79.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Stericycle will retain the proceeds of their rampant violations.

81.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 53 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of New York Law)

**A.  NEW YORK LABOR LAW COVERAGE**

83.     All previous paragraphs are incorporated as though fully set forth herein.

84.     The New York Class is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR CONSOLIDATED WASTE SERVICES, LLC, OR TWIN BRIDGES WASTE AND RECYCLING, IN THE STATE OF NEW YORK, AT ANY TIME FROM MAY 17, 2017, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("New York Class" or "New York Class Members").**

85.     Defendants, by virtue of their management and control over the wages and work of their Drivers, are classified as "employers" under New York Labor Law § 190(3).

86.     At all times hereinafter mentioned, Plaintiff Dudley and the New York Class members have been employees within the meaning of the New York Labor Law. N.Y. Lab. Law § 190(2); § 651.

87.     Plaintiff Dudley and the New York Class Members were or have been employed by Defendants since May 17, 2017, and have been covered employees entitled to the protections of the New York Labor Laws and were not exempt from the protections of the New York Labor Laws.

88.     The employer, Defendants, are not exempt from paying all wages when they are due or from paying overtime benefits under the New York Labor Laws.

89.     Defendants have engaged and continue to engage in illegal and improper wage practices. These practices include: (a) requiring Drivers perform work without compensation during meal breaks; (b) failing to pay Drivers their straight or agreed upon rate for all hours worked under forty (40) hours in a week; (c) failing to pay Drivers overtime of time and one-half their regular rate of pay for all hours worked over forty (40) in a week; (d) failing to provide accurate wage statements; (e) failing to comply with notice and record keeping requirements; (f) failing to pay Drivers the spread of hours premium; and (g) failing to provide meal period.

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NEW YORK LABOR LAWS.

### 1. *Unpaid Wages*

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     Pursuant to New York Labor Law §§ 190 *et seq.*, including but not limited to, §§ 190, 191, 193, 198, and 663(1), the Defendants have willfully failed to pay the straight or agreed upon wages due to Plaintiffs and the New York Class in violation of New York Labor Law §§ 190 *et seq.*, including but not limited to, §§ 190, 191, 193, 198, and 663(1).

92.    The Defendants were not and are not permitted by state or federal law or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the New York Class Members' wages that are the subject of this lawsuit.

93.    The Defendants were not authorized by Plaintiff or, upon information and belief, any New York Class Members to withhold, divert, or deduct any portion of their unpaid wages that are the subject of this lawsuit.

94.    The New York Labor Laws require that employees, including Plaintiff Dudley and the New York Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

95.    Pursuant to New York Labor Law § 198, employers such as the Defendants who intentionally fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were intentionally not paid, court costs, and attorneys' fees incurred in recovering the unpaid wages.

96.    The Defendants have violated the New York Labor Laws by failing to pay Plaintiff and the New York Class Members for all compensable time and by failing to pay Plaintiff and the New York Class Members for the straight or agreed upon wages worked at the established rate.

97.    Plaintiff, on behalf of himself and the New York Class, seeks the amount of underpayments based on the Defendants' failure to pay straight or agreed upon wages for all hours worked as provided by the New York Labor Laws, as well as reasonable attorneys' fees and costs of the action, and such other legal and equitable relief as the Court deems just and proper.

## 2.    *Unpaid Overtime*

98.    All previous paragraphs are incorporated as though fully set forth herein.

99.    The overtime wage provisions of Article 19 of the New York Labor Laws and its supporting regulations 12 NYCRR 142-2.2 apply to Defendants and protect Plaintiff and the New

York Class Members.

100.    Defendants have failed to pay Plaintiff and the New York Class Members overtime wages to which they are entitled under the New York Labor Laws and the supporting New York State Department of Labor Regulations.

101.    By Defendants' knowing and/or intentional failure to pay Plaintiff and the New York Class Members overtime wages for all hours worked in excess of forty (40) hours in a week, Defendants have willfully violated New York Labor Law §§ 190, *et. seq.*, including but not limited to, §§ 190, 191, 193, 198, New York Labor Law §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

102.    Due to Defendants' violations of the New York Labor Laws, Plaintiff and the New York Class Members are entitled to recover from Defendants their unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

### 3.    *Violation of the Notice and Recordkeeping Requirements*

103.    All previous paragraphs are incorporated as though fully set forth herein.

104.    New York Labor Law require that employers, like Defendants, provide employees, including Plaintiff Dudley and the New York Class Members, with written notice upon hiring of their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address, and telephone number of the employer, and other information required by Section 195(1) of the New York Labor Laws.

105.    The Defendants failed to provide Plaintiff and the New York Class Members with a written notice, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of

the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

106.    Due to Defendants' failure to provide Plaintiffs with the notices required by Section 195(1) of the New York Labor Laws, Plaintiff is entitled to statutory damages in the amount of $5,000, reasonable attorneys' fees and costs of the action.

### 4.    *Violation of the Wage Statement Provisions*

107.    All previous paragraphs are incorporated as though fully set forth herein.

108.    Defendants failed to properly disclose or apprise Plaintiffs and the New York Class Members of their rights under the New York Labor Law.

109.    New York Labor Law also require that employers, like Defendants, provide employees, including Plaintiff Dudley and the New York Class Members, with accurate statements of their wages earned, including their correct hourly rates and pay and the amount of their regular and overtime hours worked each pay period as required by Section 195(3) of the New York Labor Laws.

110.    Defendants have willfully failed to supply Plaintiff and the New York Class Members, as required by New York Labor Laws, Article 6, §§ 195(3), with an accurate statement with every payment of wages, listing accurate gross wages, deductions, and accurate net wages.

111.    Through Defendants knowing or intentional failure to provide Plaintiff and the New York Class members with the accurate wage statements required by the New York Labor Laws, Defendants have willfully violated New York Labor Laws, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

112.    Due to Defendants' willful violation of New York Labor Laws, Article 6, § 195(3), Plaintiff and the New York Class Members are entitled to damages of two hundred and fifty dollars ($250.00) for each day that Defendants failed to provide Plaintiff and the New York Class Members with an accurate wage statement, or a total of five thousand dollars ($5,000.00) each, reasonable

attorneys' fees, costs, and injunctive and declaratory relief, as provided by New York Labor Laws, Article 6, § 198(1-d).

**5.  *Violation New York Labor Law "Spread of Hours"***

113.    All previous paragraphs are incorporated as though fully set forth herein.

114.    NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

115.    The Defendants required that Plaintiff and the New York Class Members typically work more than 10 hours in a day.

116.    At all times relevant to this action, the Defendants failed to pay Plaintiff and the New York Class Members the "spread of hours" premium required by 12 NYCRR § 142-2.4.

117.    The Defendants' failure to pay "spread of hours" compensation for work performed by Plaintiff and the New York Class Members after 10 hours in day was willful.

118.    Defendants knowingly and willfully violated the rights of Plaintiffs and the New York Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day they worked in excess often (10) hours pursuant to New York state law.

119.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**6.  *Failure to Keep Records***

120.    All previous paragraphs are incorporated as though fully set forth herein.

121.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

122.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs

and attorneys' fee, pursuant to the state law.

123.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiffs' labor.

124.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

125.    By reason of the foregoing, Plaintiff, individually and on behalf of New York Class, have been damaged in an amount to be determined at trial, plus interest, costs, disbursements and attorneys' fees.

## C.    NEW YORK CLASS ALLEGATIONS

126.    All previous paragraphs are incorporated as though fully set forth herein.

127.    Plaintiff Dudley brings his New York Class claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in New York since May 17, 2017.

128.    Class action treatment of Plaintiff Dudley and the New York Class claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

129.    The number of New York Class Members is so numerous that joinder of all class members is impracticable.

130.    Plaintiff Dudley is a member of the New York Class, his claims are typical of the claims of other New York Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

131.    Plaintiff Dudley's claims share common questions of law and fact with the claims of the New York Class Members.

132.    Plaintiff Dudley and his counsel will fairly and adequately represent the New York Class Members and their interests.

133.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

134.    Accordingly, the New York Class should be certified as defined in Paragraph 84.

## VI.
## RELIEF SOUGHT

135.    Plaintiff respectfully prays for judgment against Defendants as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 53 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.    For an Order certifying the New York Class as defined in Paragraph 84 and naming Plaintiff Dudley as the Class Representative of the New York Class;

e.    For an Order pursuant to New York state law awarding Plaintiff Dudley and the New York Class Members unpaid wages, liquidated damages, and other damages allowed by law;

f.       An award to Plaintiff Dudley and the New York Class Members of damages for each workday that Defendants failed to provide Plaintiff Dudley and the New York Class Members with an accurate wage statement, or a total of $5,000 per Class Member, as provided by the New York Labor Laws;

g.       For an Order awarding the costs of this action;

h.       For an Order awarding attorneys' fees;

i.       For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j.       For an Order awarding Plaintiff Dudley a service award as permitted by law;

k.       For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

l.       For an Order granting such other and further relief as may be necessary and appropriate.

Date:   May 17, 2023                      Respectfully submitted,

                                **CONWAY, DONOVAN & MANLEY, PLLC**

By:  */s/ Michael C. Conway*
        **Michael C. Conway**
        NDNY Bar No. 302055
        MConway@lawcdm.com
        50 State Street, 2nd Floor,
        Albany, NY
        Telephone: 518-436-1661
        Facsimile: 518-432-1996101
        **ANDERSON ALEXANDER, PLLC**

By:  */s/ Clif Alexander*
        **Clif Alexander**
        State Bar No. 24064805 (*pro hac vice anticipated*)
        clif@a2xlaw.com
        **Austin W. Anderson** (*pro hac vice anticipated*)
        State Bar No. 24045189
        austin@a2xlaw.com
        101 N. Shoreline Blvd., Ste. 610
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        *Attorneys in Charge for Plaintiff and the Putative Collective/Class Members*

# Exhibit A

## CONSENT TO JOIN WAGE CLAIM

Print Name: **Peter Dudley**

1. I hereby consent to participate in a collective action lawsuit against **TWIN BRIDGES WASTE & RECYCLING, LLC** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Peter Dudley (Jul 6, 2022 06:50 EDT)