**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PETER DUDLEY, in dividually and on behalf of all others similarly situated,**

                              **Plaintiff,**

                                  **v.**                                                            **1:23-CV-592 (FJS/TWD)**

**CONSOLIDATED WASTE SERVICES, LLC d/b/a/ TWIN BRIDGES WASTE AND RECYCLING and SCOTT EARL,**

                                **Defendants.**
_____

## ORDER AND JUDGMENT

Plaintiff Peter Dudley, individually and on behalf of all others similarly situated ("Representative Plaintiff") and Defendants Consolidated Waste Services, LLC[1] and Scott Earl ("Defendants") entered into a Collective and Class Action Settlement Agreement (the "Agreement").

On January 15, 2025, the Court entered an Order that, among other things, (1) preliminarily certified, pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class action for the purposes of settlement only; (2) approved the form of the Notice Packet to Collective/Class Members and the method of dissemination thereof; (3) directed that appropriate notice of the settlement be given to the Collective and the Class; and (4) set a hearing date for the

---

[1] Defendant Consolidated Waste Services, LLC was incorrectly named in the Complaint as Consolidated Waste Services, LLC d/b/a Twin Bridges Waste and Recycling.  The Court directs the Clerk of the Court to correct the docket to reflect that the correct name for this Defendant is "Consolidated Waste Services, LLC."

Final Fairness Hearing, such hearing date being a due and appropriate number of days after such notice to the Class. *See* Dkt. No. 51.

The notice to the Collective/Class Members that the Court ordered in its January 15, 2025 Order was provided, as attested to in the Declaration of Cassandra Polites of ILYM Group, Inc. filed with the Court on July 10, 2025. *See* Dkt. No. 58-1.

On August 12, 2025, the Court held a hearing regarding the issue of whether the settlement set forth in the Agreement was fair, reasonable, adequate, and in the best interests of the Class.

No one appeared at the hearing to oppose the settlement set forth in the Agreement and counsel for the parties informed the Court that they had nothing to add to what they had already submitted to the Court.

Having determined, after weighing all of the *Grinnell* factors and the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, that the settlement set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Class, the Court hereby

**ORDERS, ADJUDGES, and DECREES the following:**

1. The Court incorporates by reference the definitions as set forth in the Agreement.

2. The Court has personal jurisdiction over the Representative Plaintiff, FLSA Collective Members, and Rule 23 Class Members, has subject matter jurisdiction over all claims asserted in the Complaint, and that venue in the Northern District of New York is proper.

3. The Agreement is **APPROVED** as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, and in the best interest of the Class and Collective. The Agreement is binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or

other proceedings encompassed by the Agreement and the Release maintained either by or on behalf of Representative Plaintiff and all other Settlement Class Members and Settlement Collective Members, as well as their past, current, and future heirs, representatives, executors, administrators, attorneys, predecessors, successors, and assigns.

    4. The Notice of Class Action Settlement provided pursuant to the Agreement and the Court's Order Granting Preliminary Approval of Class Settlement:

        (a) Constituted the best practicable notice under the circumstances;

        (b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;

        (c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

        (d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action, the definition of the class certified, the class claims, issues or defenses, that a class member may enter an appearance through an attorney if the member so desires, that the Court will exclude from the class any member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on members under Rule 23(c)(3).

    5. For settlement purposes only, the Class satisfies the applicable standards for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

    6. The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects

and resulted from vigorously contested litigation, including meaningful discovery, motion practice, and extensive good-faith, arm's length negotiations between the parties.

7. The Agreement in this action warrants approval pursuant to 29 U.S.C. § 216(b) because it constitutes the fair, adequate, and reasonable resolution of a *bona fide* dispute and is approved under the FLSA.

8. Peter Dudley is the Representative Plaintiff for the Class and Collective, and he and Collective/Class Counsel adequately and fairly represented the Class and Collective for purposes of entering into and implementing the Settlement.

9. Collective/Class Counsel's requested fees and expenses under the Agreement, and as set out in their Motion for Fees and Costs, *see* Dkt. Nos. 55 & 60, are fair and were reasonably and necessarily incurred, and Collective/Class Counsel shall be entitled to receive $17,620.00 in attorney's fees and $2,380.00 in litigations costs as set forth in the Agreement.

10. The Enhanced Payment for the Representative Plaintiff, as set forth in the Agreement, is approved and the Representative Plaintiff shall be entitled to receive $2,500.00 to compensate him for his unique services in initiating and/or maintaining this litigation.

11. ILYM Group, Inc.'s expenses in the amount of $7,091.00 for administering the settlement, including the distribution of Notices and the settlement fund, are approved.

12. Nothing relating to this Order, or any communications, papers, or orders related to the Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants or the Defendants' Releasees of any liability, culpability, negligence, or wrongdoing toward the Representative Plaintiff, Collective Members, Class Members, or any other person, or that class action certification is appropriate in this or any other matter.  There has been no determination by any court as to the merits of the claims asserted by the Representative Plaintiff

against Defendants or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in the parties' Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants.

13. In consideration of the consideration paid under the Agreement, and for other good and valuable consideration, each Settlement Class Member and Settlement Collective Member shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all of their respective Released Claims against Defendants in accordance with the terms of the Agreement.

14. In the event that the "Effective Date," as that term is defined in the Agreement, does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the status quo ante rights of Representative Plaintiff, Collective Members, Class Members, and Defendants.

15. All Settlement Class Members and/or their representatives who have not been excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is in any way related to this lawsuit and the Released Claims.

16. The Court retains jurisdiction over all proceedings arising out of or related to the Agreement; and

17. This lawsuit, including all individual claims, Collective claims, and Class claims presented thereby, is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Agreement.

**IT IS SO ORDERED.**

Dated: August 15, 2025
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge